HELEN SCOTT REED, INDIVIDUALLY, AND AS COUNTY CLERK OF THE COUNTY OF CLARK, STATE OF NEVADA, APPELLANT, v. STATE OF NEVADA, EX REL. AL STEWART, RESPONDENT.

No. 4349

August 9, 1960                                    354 P.2d 858

*Honorable Roger Foley,* Attorney General; *Honorable Norman H. Samuelson,* Deputy Attorney General; *Honorable George Foley,* District Attorney, Clark County; *Honorable Jack C. Cherry,* Deputy District Attorney, for Appellant.

*Mr. Al Stewart,* in Propria Persona, for Respondent.

**OPINION**

By the Court, BADT, J.:

. This appeal presents for our determination the necessity for compliance with statutory requirements with reference to the form and content of declarations of candidacy for office at a primary election. The question comes to us on an appeal from the judgment of the court below directing the issuance of a peremptory writ of mandamus commanding the county clerk of Clark

County to place upon the Democratic primary ballot at the primary election of September 6, 1960 the name of the petitioner below, Al Stewart, respondent herein, as a candidate for the office of county commissioner. The county clerk had notified respondent of her refusal to do so by reason of failure of compliance with statutory requirements.

The statute in question is NRS 294.125, entitled by the Code Commission, "Declaration of Candidacy, * * * Form." It reads as follows:

"Nomination Paper of_____for the Office of_____, State of Nevada, County of_____, ss. For the purpose of having my name placed on the official primary ballot as a candidate for nomination by the _____Party as its candidate for the office of _____, I, the undersigned_____, do solemnly swear (or affirm) that I reside at No._____, _____Street, in the City (or Town) of_____, County of _____, State of Nevada, and that I am a qualified elector of the election precinct in which I reside; that I am a member of the_____ Party; that I have not reregistered and changed the designation of my political party affiliation on an official affidavit of registration since the last general election; that I believe in and intend to support the principles and policies of such political party in the coming election; *that I affiliated with such party at the last general election of this state; * * *.*"

It is contended by appellant that the record on appeal affirmatively shows that respondent did not and could not comply with the requirement of the statute which we have italicized above. We have concluded that the contention is well made.

It appears from the record that on June 16, 1954 Mr. Stewart filed with the county clerk of Clark County an affidavit of registration in which he designated his political affiliation as that of a nonpartisan voter; that on April 27, 1960 he filed an affidavit of registration with the county clerk of Clark County designating his political

affiliation to be that of the Democratic party—his first change since 1954; that on June 21, 1960 he filed in the office of said county clerk a declaration of candidacy, as a member of the Democratic party, in which he affirmed "* * * that I have not reregistered and changed the designation of my political party affiliation on an official registration affidavit since the last general election; * * * that I affiliated with such party at the last general election of this state; * * *." On July 12, 1960 the appellant county clerk advised respondent that his name would not be placed upon the Democratic primary ballot, and on the same day he filed his petition for a writ of mandate.

Two points were argued and submitted to the lower court: (1) whether respondent had changed the designation of his political party affiliation since the last general election, and (2) whether he affiliated with the Democratic party at the last general election in this state. Such reference to the last general election of this state had reference to the November 1958 general election. The learned trial judge, in his written conclusions, concluded that respondent's 1954 registration as Nonpartisan did not mean an affiliation with any political party and that his 1960 registration declaring his political party designation to be that of Democrat did not effect a change of political party affiliation in violation of that part of NRS 294.125 which forbade a change of designation of political party affiliation since the last general election. To this conclusion of the lower court appellant takes no exception. She agrees and stipulates in her reply brief that such a change—from Nonpartisan to Democrat—is substantially no change. The trial court, in its written findings and conclusions, did not pass upon the second issue presented, namely, the question as to whether respondent affiliated with the Democratic party at the last general election. The only explanation of the court's failure or refusal to pass on such question is that given by counsel for both parties at the oral argument. They advised this court that the learned district judge had, in open court, instructed counsel for respondent to prepare findings and conclusions upon the single issue of the statutory proscription against change of designation

of political party affiliation since the last general election, and that the reason for this was the trial court's view that the requirement for affiliation with the party at the last general election was so related to and bound in with the proscription against change of political party affiliation, that the former could not be considered individually or without considering its relation to the latter.

Respondent supports the writ of mandate for the same reason. He contends that the requirement for party affiliation at the last general election may not be considered out of context with the remainder of the section or with other sections of the code. He in effect makes the problem one of statutory construction which points to a legislative intent which will not support a rejection of a declaration of partisan candidacy for the bare reason that the candidate had not affiliated with the party for a period of time extending back to the last general election. He further broadens the meaning of the word "affiliate" to one under which an unexpressed mental approval of party policy would constitute such affiliation and under which no act of affiliation would be required. In short, he contends that "affiliation" (which could be manifested in many ways) is a far different thing from a "designation" of party affiliation, and that his actual affiliation has not been successfully challenged.

We must reject these theories. They are negatived by respondent's own affirmations. Respondent asserts: "In truth and in fact, petitioner had no political party affiliation prior to the [27th] day of April 1960." He further asserts: "To run the risk of being elementary, the very definition of the word 'Nonpartisan' means no party." While this is not entirely accurate, respondent's meaning is clear. The expression "nonpartisan" means, rather, "no partisanship." A partisan, according to Webster, is a strongly devoted adherent; and nonpartisan, under the same authority, means "characterized by absence of partisanship." Respondent further states: "The respondent, prior to his registration on April [27th], 1960, was not a member of any political party as he was registered as a Nonpartisan." These frank statements, in our opinion, are in direct conflict with the statutory requirement that

respondent, by oath or affirmation, show that he affiliated with the Democratic party at the general election of 1958, a situation effectively negatived by his registration as a Nonpartisan from 1954 to April, 1960.

This court unanimously held in State ex rel. Thatcher v. Brodigan, 37 Nev. 458, 142 P. 520, 522, that the statute then in effect [Stat. 1913, c. 284], and containing the same clause now under consideration, required that the substantial elements of the prescribed affidavit should be contained "in the affidavit made by the party seeking nomination." The court then listed such substantial elements—11 in number. The sixth one was "Declaration of having affiliated with that same party at the last general election held in this state." This court then said: "By these declarations under oath, made prerequisites for one seeking party nomination, it was undoubtedly intended to require the applicant to declare the party of which he was a member and with which he affiliated at the last general election, and this must be the same party under whose party designation he seeks the nomination at the ensuing primary." Other strong language appearing in the opinion further supports the conclusion that we have reached.

The judgment of the district court ordering the appellant county clerk to place the name of respondent Al Stewart upon the ballot at the primary election to be held September 6, 1960 as a candidate for county commissioner is hereby reversed. Let remittitur issue forthwith.

PIKE, J., concurs.

Chief Justice McNAMEE did not participate in the consideration or determination of this appeal, and both parties stipulated to the submission of the appeal to Justices BADT and PIKE.